UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JACOB KLEIN, individually and on behalf :
of all others similarly situated, :
 :
                        Plaintiff, :
 : **MEMORANDUM & ORDER**
                -against- : 19-cv-06164 (DLI) (RML)
 :
FORSTER & GARBUS, LLP and :
JOHN DOES 1-25, :
 :
                   Defendants. :
-----------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

Jacob Klein ("Plaintiff") brings this putative class action against Forster & Garbus, LLP ("Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* *See*, Compl., Docket ("Dkt.") Entry No. 1.[1] Defendant moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See*, Mem. of Law in Supp. of Mot. for J. on the Pleadings ("Def. Mem."), Dkt. Entry No. 16-1. Plaintiff opposed the motion. *See*, Pl.'s Mem. of Law in Supp. of its Opp'n to Def.'s Mot. to Dismiss Under Fed. R. Civ. P. 12(B)(6) [*sic*] ("Pl. Opp'n"), Dkt. Entry No. 16-2. Defendant replied. *See*, Mem. of Law in Reply to Pl.'s Opp'n to Def.'s Mot. for J. on the Pleadings ("Def. Reply"), Dkt. Entry No. 16-3. After the motion was fully briefed, with leave of the Court, Defendant filed a letter to supplement its motion for judgment on the pleadings, which it withdrew subsequently. *See*, Dkt. Entry No. 18; Order dated February 1, 2021; Dkt. Entry Nos. 19–21. For the reasons set forth below, Defendant's motion for judgment on the pleadings is granted, and the Complaint is dismissed in its entirety.

---

[1] Plaintiff also names "John Does 1–25" to represent "individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action." *Id.* at ¶ 11.

## BACKGROUND

The following facts are taken from the Complaint and are accepted as true for purposes of this decision. *See*, *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013). Plaintiff is an individual residing in Brooklyn, New York, and Defendant, a New York LLP, is a "debt collector" under the FDCPA. *See*, Compl. at ¶¶ 7-8. Defendant sent Plaintiff a collection letter (the "Letter"), dated February 6, 2019, regarding a debt that Plaintiff allegedly owed to Discover Bank. *Id.* at ¶ 28; Compl., Ex. A, Dkt. Entry No. 1-1.

The Letter provides that Plaintiff has an outstanding balance of $4,788.00 and that, "[i]f interest or other charges or fees accrue on this account, after the date of this [L]etter, the amount due on the day you pay may be greater." Compl., Ex. A; Compl. at ¶ 29. Plaintiff alleges that the Letter is misleading because it "merely allude[s] to the possibility of interest accruing[,]" when, in fact, "Defendant is well aware that interest is definitely accruing[.]" *Id.* at ¶ 34. Plaintiff further alleges that the "Letter uses language that is confusing to Plaintiff since it is unclear as to whether or not the account was actually, currently accruing interest when it simply could have stated that interest was accruing." *Id.* at ¶ 36. Thus, Plaintiff asserts one cause of action against Defendant for violation of 15 U.S.C. § 1692e, which prohibits debt collectors from making false or misleading representations in connection with the collection of any debt. *Id.* at ¶¶ 38-42.

## LEGAL STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citation

omitted). In deciding a Rule 12(c) motion, "a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013) (citation omitted).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted). To withstand such a motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the complaint need not contain "detailed factual allegations," simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Defendant moves for judgment on the pleadings arguing that the Complaint fails to plead any plausible claims under the FDCPA. *See, generally*, Def. Mem. In his opposition, without appending a proposed amended complaint, Plaintiff informally requests leave to amend the Complaint: (1) "to the extent the Court deems it necessary to amend the pleadings in conformity with Plaintiff's arguments" regarding the Letter's purportedly misleading statement concerning interest accrual; and (2) to assert an additional claim under 15 U.S.C. § 1692e based on the Letter's purportedly misleading reference to the potential accrual of "other charges or fees," that Defendant does not have a legal right to collect. *See*, Pl. Opp'n at 2, 18-21.

I.       **Plaintiff's § 1692e Claim**

To assert a violation of the FDCPA, a plaintiff must allege that: "(1) the plaintiff is a 'consumer' within the meaning of the Act; (2) the defendant is a 'debt collector'; and (3) the defendant must have engaged in conduct in violation of the statute." *Coburn v. P.N. Fin.*, 2015 WL 520346, at *3 (E.D.N.Y. Feb. 9, 2015) (citation omitted). Plaintiff has alleged that Defendant is a "debt collector" within the meaning of the FDCPA. *See*, Compl. at ¶ 8. However, while Plaintiff asserts that he "brings this class action on behalf of a class of New York consumers[,]" he fails to allege that he is a consumer. *Id.* at ¶ 5. Moreover, Plaintiff fails to plead adequately that the Letter was misleading under § 1692e.

Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Prohibitive conduct under this section includes falsely representing "the character, amount, or legal status" of the debt. 15 U.S.C. § 1692e(2). To evaluate whether a communication violates § 1692e, "the Court applies an objective standard by considering how the 'least sophisticated consumer' would understand the debt collection letter." *Paul v. Enhanced Recovery Co., LLC*, 2020 WL 6746792, at *4 (E.D.N.Y Nov. 17, 2020) (quoting *Carlin v. Davidson Fink, LLP*, 852 F.3d 207, 216 (2d Cir. 2017)). The "least sophisticated consumer" is "uninformed, naïve, or trusting," but makes "basic, reasonable and logical deductions and inferences." *Dewees v. Legal Servicing*, 506 F. Supp.2d 128, 132 (E.D.N.Y. 2007) (internal quotation marks and citation omitted). Under this standard, collection notices are assessed from the standpoint of a person who does not have "even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (internal quotation marks and citation omitted).

4

A collection notice is deceptive when "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) (citation omitted). However, not every "technically false representation" is actionable under the FDCPA; rather, a statement must be "materially false or misleading" to amount to an FDCPA violation. *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018). Therefore, to survive a motion for judgment on the pleadings, a plaintiff must identify at least two reasonable interpretations of a collection notice and show that the deception arising from those interpretations is material. *See*, *Gissendanner v. Enhanced Recovery Co., LLC*, 793 F. App'x 5, 7 (2d Cir. 2019). A false, deceptive, or misleading statement is "material" if it would "frustrate a consumer's ability to intelligently choose his or her response." *Cohen*, 897 F.3d at 86 (internal quotation marks and citation omitted).

Here, Defendant contends that the Letter does not violate § 1692e because it uses the safe harbor language set forth by the Second Circuit in *Avila v. Riexinger & Associates., LLC*, 817 F.3d 72 (2d Cir. 2016). *See*, Def. Mem. at 7-9. In *Avila*, the Second Circuit held that "the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Id.* at 76. Accordingly, the court found that the following "safe harbor" language satisfies "a debt collector's duty to state the amount of debt in cases where the amount varies from day to day":

> As of the date of this letter, you owe $____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

*Id.* at 76-77 (citation omitted).

5

However, the court noted that its holding did not require debt collectors to use "any particular disclaimer." *Id.* at 77. Rather, so long as a debt collector "either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date[,]" the debt collector will not be liable under § 1692e. *Id.*

Plaintiff contends that the Letter "only very loosely tracks the *Avila* safe harbor language[.]" Pl. Opp'n at 1. As set forth above, the Letter provides that "[i]f interest or other charges or fees accrue on this account, after the date of this [L]etter, the amount due on the day you pay may be greater." Compl., Ex. A; Compl. at ¶ 29. According to Plaintiff, because the Letter provides only "the *mere possibility* of interest accrual" by using the conditional "if," the least sophisticated consumer is left with "no reasonable basis to determine whether interest is accruing on the account." Pl. Opp'n at 1 (emphasis in original); *See also*, *Id.* at 11, 15, 17.

Courts in this district have rejected similar arguments. In *Mandelos v. Forster & Garbus, LLP*, 2019 WL 3037071 (E.D.N.Y. July 10, 2019), the collection letter at issue similarly provided, *inter alia*: "if interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater." *Id.* at *2. The court found that the letter "accurately conveyed to plaintiff that post-judgment interest, fees and 'other charges' were possible, i.e., that the amount of the debt stated therein might increase over time," and, thus, dismissed plaintiff's § 1692e claim. *Id.* at *5. Similarly, in *Paracha v. MRS BPO, L.L.C.*, 2019 WL 4736939 (E.D.N.Y. Sept. 27, 2019), the court rejected the plaintiff's argument that the collection letter's representation that plaintiff's debt "'may' be accruing interest, when it was actually accruing interest at the time," was misleading. *Id.* at *2, *4. The court explained that

6

because the letter stated that the amount owed may increase, it satisfied § 1692e, as there is no requirement that a debt collection letter indicate that the amount owed "will" increase. *Id.* at *4. Accordingly, Plaintiff fails to plead that the Letter is misleading under § 1692e. *See, Taubenfliegel v. EGS Fin. Care, Inc.*, 764 F. App'x 76, 77 (2d Cir. 2019) (summary order) (affirming dismissal of § 1692e claim where debt collection letter advised that "debt may increase over time, and therefore satisfie[d] the requirements of § 1692e[]") (citation omitted).

Plaintiff's reliance on *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017) is misplaced. *See*, Pl. Opp'n at 9-10. There, the Circuit held that a debt collection letter inadequately disclosed the amount of the debt as required by § 1692g because it included unaccrued fees and interest. *See*, *Carlin*, 852 F.3d at 215-16; *See also*, *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 241 (2d Cir. 2019) (explaining that the letter in *Carlin* violated § 1692g because it provided only an estimated future amount that plaintiff might owe, rather than the total present amount that he did owe). Moreover, *Carlin* did not involve a § 1692e claim nor is its holding applicable as Plaintiff does not allege that the Letter provides a total debt balance that includes fees and interests not owed yet.

Plaintiff further argues that the Letter makes "no explicit reference to an 800-number[,]" and instead includes it only "at the top righthand corner of the Letter, completely divorced from the *Avila*-disclosure and removed from the body of the Letter[,]" which "does nothing to encourage the least sophisticated consumer to call for a clarification on the debt, or even reinforce the idea that the amount may be different than the amount in the Letter." Pl. Opp'n at 11-12. The Court disagrees. Debt collection letters are to be read in their entirety. *See*, *Goldtsein v. Diversified Adjustment Serv., Inc.*, 2017 WL 5592683, at *2 (E.D.N.Y. Nov. 20, 2017). Here, the top right corner of the Letter lists: (1) a toll-free number with an extension; (2) the name of the

representative assigned to the collection; and (3) Defendant's operating hours. Compl., Ex. A. Then, just below this information, the second line of the Letter states, "[i]n order to pay your indebtedness, and satisfy the judgment, contact our office to make arrangements to pay." *Id.* Accordingly, Plaintiff's argument arises from "exactly the kind of labored reading of the [L]etter from which courts have worked to protect debt collectors[]" and, therefore, is without merit. *See*, *Goldtsein*, 2017 WL 5592683, at *4.

For the foregoing reasons, Plaintiff fails to plead that the Letter violates § 1692e. As such, Defendant's motion for judgment on the pleadings is granted, and the Complaint is dismissed.

## II. Leave to Amend

In his opposition, Plaintiff informally requests leave to amend the Complaint with respect to the allegations regarding the Letter's failure to disclose whether interest was accruing and to add an allegation that the Letter violates 15 U.S.C. § 1692e because it falsely implies that Defendant has a legal right to collect fees and other charges. *See*, Pl. Opp'n at 18-21. Plaintiff did not submit a proposed amended complaint.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "the district court has discretion whether or not to grant leave to amend, and its discretion is not subject to review on appeal except for abuse of discretion[.]" *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (internal quotation marks and citations omitted). In addition, leave to amend a pleading may be denied if amendment would be futile. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (citation omitted). Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies in the complaint or to state a claim

8

on which relief can be granted. *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (citation omitted).

As an initial matter, Plaintiff's request is deficient procedurally because Plaintiff has failed to make a proper motion to amend the Complaint. *See, Corsini v. Nast*, 613 F. App'x 1, 4 (2d Cir. 2015) ("It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss.") (internal quotation marks and citations omitted). Additionally, Plaintiff's failure to submit a proposed amended complaint provides justifiable grounds upon which the Court may deny his request. *See*, *Rosendale v. Iuliano*, 67 F. App'x 10, 14 (2d Cir. 2003) (finding that district court did not abuse its discretion in denying leave to amend where plaintiff did not submit a proposed amended complaint); *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (noting that failing to submit a proposed amended pleading "indicates lack of diligence and good faith") (citation omitted); *Akran v. United States*, 997 F. Supp.2d 197, 207 (E.D.N.Y. 2014) (denying leave to amend where plaintiff failed to submit a proposed amended complaint, because "[i]t is well-settled that when seeking leave to amend, the movant must submit a complete copy of the proposed amended complaint . . . so that both the Court and the opposing party can understand the exact changes sought[]") (internal quotation marks and citations omitted) (ellipses in original).

In any event, amendment would be futile. As set forth above, Plaintiff fails to plead a claim under § 1692e based on his allegations regarding the Letter's representation of interest accrual. Significantly, he does not explain how amendment would cure the deficiencies with respect to this claim. Accordingly, Plaintiff's request to amend the Complaint as to the current allegations under § 1692e is denied. *See*, *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2d Cir. 2014)

9

(affirming denial of request to amend where plaintiff failed to specify how it could cure pleading deficiencies).

Plaintiff's proposed amendment regarding the Letter's purportedly misleading statement that Defendant has a legal right to collect fees and other charges also fails.  *Avila* does not require debt collectors to specify whether the potential increase in charges comes from late charges, fees, or interest.  *See*, *Morgan v. Northstar Location Servs., LLC*, 2019 WL 3531461, at *5 (E.D.N.Y. Aug. 1, 2019) ("*Avila* did not require a debt collector to state whether each of these additional charges, "interest," "late charges," and "other fees," were individually increasing . . . In order for the safe harbor language to be accurate, it is only necessary for one of the three components to change.") (internal quotation marks and citation omitted); *Avila v. Reliant Capital Sols., LLC*, 2018 WL 5982488, at *4 (E.D.N.Y. Nov. 14, 2018), *aff'd*, 771 F. App'x 46 (2d Cir. 2019) (rejecting plaintiff's argument that debt collection letter stating possibility of "interest, late charges, and other charges" was misleading because there were no accruing "late charges" or "other fees") (internal quotation marks omitted).  Plaintiff's reliance on cases from the Third and Seventh Circuits, which are not binding on this Court, is unpersuasive.  *See*, Pl. Opp'n at 18-19.  Accordingly, leave to amend to add allegations regarding the Letter's reference to fees and other charges is denied.

## CONCLUSION

For the reasons set forth above, Defendant's motion for judgment on the pleadings is granted; leave to amend the Complaint is denied, and the Complaint is dismissed.

SO ORDERED.

Dated: Brooklyn, New York　　　　　　　　　＿＿＿＿＿＿/s/＿＿＿＿＿＿＿＿
　　　　June 28, 2021　　　　　　　　　　　　　DORA L. IRIZARRY
　　　　　　　　　　　　　　　　　　　　　　United States District Judge